Opinion by
Walker, P. J.
§ 805. Contract of employment; breach of, by employer; measure of damage in such case; case stated. Appellants employed appellee to buy cotton for them during the cotton season of 1883 and 1884, and agreed to pay him for his services $700. He commenced his services September 1, and continued the same until October 23, 1883, when appellants discharged him. During his employment he received from appellants $104.30, payment for his services. After his discharge, and before the close of said cotton season, he earned in other employment $205, He was discharged by appellants upon the pretended ground that he had sent them a false telegram in regard to some of their cotton, which resulted in damage to them. After the expiration of said cotton season appellee brought this suit to recover on said contract the $700 therein stipulated for, less the $104.30 he had re *709 ceivecl, and less $205 which he had earned after his discharge. Appellants pleaded the false telegram as a good cause for discharging him, and also pleaded in reconvention for the damages alleged to have been sustained by them by reason of said false telegram. The cause was tried by the judge without a jury, and judgment was rendered in favor of appellee for $390. YO and costs. Held: The contract was for plaintiff’s services during the cotton-buying season; and being discharged without just cause, he was entitled to the benefit of his contract, and to recover the amount stipulated, provided he was unable otherwise, by his services, to make that amount. Any amount which he made, or could have made by reasonable diligence after his discharge and before the expiration of the period for which he had been engaged, would be deducted from the amount stipulated to be paid him. This suit was brought and 'maintained upon this theory, and the judgment is in accordance with it, and is correct. [2 Wait’s Act. & Def. 456; 2 Sutherland on Dam. 4Y3.]
May 4, 1885.
§ 806. Evidence; telegraphic message; rule as to proof of. Appellants proposed to read in evidence the telegraphic message which they claimed to have received from appellee. Appellee denied that he had sent such message, and objected to the introduction of it, and his objection was sustained. Held: This was not error. The message offered was secondary evidence. The original message as written by the sender was the best evidence, and its non-production was not accounted for. [Scott & Jernigan, Law of Tel. § 841; 1 Whart. on Ev. § 76; Gray on Com. by Tel. § 128.] There are cases where the message as delivered constitutes the primary evidence, but this case is not within that class.
Affirmed.