**Ambrose YESTERDAY, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 25632.

United States Court of Appeals, Ninth Circuit.

May 11, 1971.

Rehearing Denied June 3, 1971.

Richard Bilby (argued), Tucson, Ariz., for plaintiff-appellant.

Thomas Crowe (argued), Asst. U. S. Atty., Richard K. Burke, U. S. Atty., Tucson, Ariz., for defendant-appellee.

Before HAMLEY, BROWNING and TRASK, Circuit Judges.

PER CURIAM:

In 1936 petitioner was indicted for first-degree murder under 18 U.S.C. § 548 (1934 ed.), pleaded guilty to a reduced charge of second-degree murder, and was sentenced to forty years' imprisonment. In 1969 he filed a motion under 28 U.S.C. § 2255 alleging that his plea was not made with a full understanding of the nature of the charge and the possible consequences of the plea. The district court held an evidentiary hearing. The records of petitioner's arraignment, plea, and sentencing were introduced, and testimony was received from the only two surviving participants in the proceedings—petitioner and the chief deputy clerk of court at the time.

Petitioner testified that he was not told, and did not know, the difference between first- and second-degree murder, nor that he could be sentenced to imprisonment for as much as forty years on a plea of guilty to the latter offense. He testified that he was told that if the charge were reduced he would be given a light sentence.

The records of petitioner's arraignment and sentencing are silent as to what if anything he may have been told about the nature of the charge of second-degree murder or the consequences of a plea of guilty to that charge.

Mr. Scruggs, the chief deputy clerk, testified that he had no present recollection of petitioner's arraignment and sentencing. He testified further, however, that it was the invariable practice of the sentencing judge to explain both the charge and the possible penalty to the defendant before receiving a guilty plea to a charge of this seriousness.

Relying upon the presumption of regularity and the testimony of Mr. Scruggs, and expressly rejecting petitioner's testimony as unreliable, the district court found that petitioner entered his plea freely, voluntarily, and with the requisite knowledge.

Petitioner argues that when the record is silent, as here, the burden rests upon the government to establish that a guilty plea was properly taken, and that the government failed to carry its burden. Assuming that the burden of persuasion is to be allocated as petitioner suggests, the evidence was sufficient to sustain the district court's finding.

Affirmed.