Harlan Allen TIBBS, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 26755.

United States Court of Appeals,
Ninth Circuit.

May 2, 1972.

Robert Carl Anderson (argued), San Francisco, Cal., for appellant.

Richard W. Nichols, Asst. U. S. Atty. (argued), Duane Keyes, U. S. Atty., Sacramento, Cal., for appellee.

Before CARTER and TRASK, Circuit Judges, and JAMESON, District Judge.*

PER CURIAM:

Tibbs, appellant, petitioned for relief under 28 U.S.C. § 2255 from sentences imposed in October 1961 by the court in the Northern District of California at Sacramento, now the Eastern District of California. An evidentiary hearing was held, findings made and relief denied. We affirm.

---

* Honorable William J. Jameson, Senior District Judge, District of Montana, sitting by designation.

Tibbs was on the F.B.I.'s "Ten Most Wanted" list and charges were pending in various states, as well as the charges in the Northern District of California, the Southern District of North Carolina and the Northern District of Florida. He desired to have all the federal charges disposed of at one time. He had sustained prior convictions under 18 U.S.C. §§ 2312 and 2314 and had been in various courts on various occasions. He is now on parole.

In September 1961, Tibbs waived an attorney and entered pleas of guilty to five counts in two indictments pending in the Northern District of California. In October 1961 the North Carolina and the Florida indictments were transferred to the Northern District of California and he again waived an attorney and entered pleas of guilty to the charges therein. His waiver of counsel is not in issue.

The sentences imposed on the Northern District of California cases were concurrent sentences on four counts of seven years each for violation of 18 U.S.C. § 2314, and on the fifth count, four years under 18 U.S.C. § 2312, to run concurrent with the other four sentences. On each of the charges transferred under Rule 20, also violations of 18 U.S.C. § 2314, he was sentenced to consecutive sentences of seven years each.

An evidentiary hearing was held in July 1970, almost nine years after the pleas of guilty had been entered. Tibbs testified that the pleas were the result of coercion and threats by unidentified individuals occurring in Modesto, California, where he was arrested, and in Sacramento, California; that at the time of his pleas of guilty in Sacramento, California, he was not advised of the maximum sentences that could have been imposed on the various charges; and that an unidentified Assistant U. S. Attorney in Sacramento had promised him he would receive sentences on charges transferred from North Carolina and Florida under Rule 20, F.R.Cr.P., to run concurrent with other sentences to be imposed by the district court on offenses committed in the Northern District of California. The transcripts of September and October 1961 failed to show full compliance with the present requirements under Rule 11, F.R.Cr.P.

The Assistant U. S. Attorney who handled the case at the time of the pleas and sentences, testified he had no recollection of the petitioner but identified his writing on the file, showing he had handled the case. He testified as to his customary practice in handling criminal cases; to fully explain the Rule 20 procedures; to advise the defendant of the charges against him, the potential maximum penalties and of the various sentencing possibilities available to the sentencing judge. He denied he ever promised any defendant, including Tibbs, that a judge would impose concurrent sentences; and denied any threats to Tibbs or any defendant. It appears from the record that the Assistant U. S. Attorney was the only Assistant working in Sacramento, California, at the time and place the pleas of guilty were entered and that no Assistant U. S. Attorney was stationed at Modesto where certain threats by unidentified individuals were allegedly made.

■ The trial court found no threats or promises were made to Tibbs. The court, as the trier of facts, was not required to credit Tibbs' testimony, and chose not to do so. See Corella v. United States (9 Cir. 3/30/72, No. 71–2617) 455 F.2d 1381. Where a great lapse of time occurs before a 2255 hearing, a court may rely on testimony as to the customary practices in the court and the presumption of regularity. Yesterday v. United States (9 Cir. 1971) 442 F.2d 1020.

Appellant relies on various recent cases requiring full compliance with Rule 11, F.R.Cr.P. All of these cases have been held not to be retroactive.

■ The law of this circuit as to events occurring in 1961 is set forth in Long v. United States (9 Cir. 1961) 290

F.2d 606. If a later factual determination shows that the pleas of guilty were voluntary and no inducements were made, no relief under 28 U.S.C. § 2255 will be granted even though the trial judge originally did not inquire if the pleas were voluntary when entered.[1]

Here the trial judge below, on the 2255 hearing, expressly found no promises or threats were made and impliedly found the pleas were voluntary when entered in 1961.

■■ Tibbs admits he knew the nature of the charges and was given copies of the indictments to read before plea. His main complaint, in addition to the alleged coercion, concerns the consecutive sentences on the two Rule 20 cases. A court is not required to advise a defendant of the possibility of consecutive sentences. Hinds v. United States (9 Cir. 1970) 429 F.2d 1322; United States v. Vermeulen (2 Cir. 1970) 436 F.2d 72. In view of the testimony of the Assistant U. S. Attorney that he always advised defendants of the maximum penalty on a charge; that he never promised any defendant, including Tibbs, that a judge would impose concurrent sentences; and the presumption of regularity, the trial court's findings are supported by the evidence. Yesterday v. United States, *supra*.

■ The findings of fact and conclusions of law are not skillfully drawn,[2] but from our review of the findings and the evidence adduced at the hearing, we hold that the Government sustained its burden of proving that appellant's plea was voluntarily made with an understanding of the nature of the charge and the consequences of his plea.

Judgment affirmed.

1. See Munich v. United States (9 Cir. 1964) 337 F.2d 356, 360, where we held further that where there has been noncompliance with Rule 11 the Government has the burden of proving that the defendant made his plea of guilty voluntarily and with understanding of the nature of the charge.

2. The findings of fact and conclusions of law were prepared by the United States

Attorney's Office following the hearing and do not take cognizance of the rule of *Munich* with respect to burden of proof. In view of our conclusion that the Government has sustained its burden we do not deem it necessary, however, to remand for corrected findings of fact and conclusions of law.