**Douglas FRUCHTMAN,**
**Petitioner-Appellant,**

v.

**Frank KENTON, Warden,**
**Respondent-Appellee.**

**No. 75–1757.**

United States Court of Appeals,
Ninth Circuit.

Feb. 27, 1976.

Rehearing Denied April 9, 1976.

Susan Guberman, Beverly Hills, Cal., for petitioner-appellant.

W. Michael Mayock, Asst. U. S. Atty., Los Angeles, Cal., for respondent-appellee.

OPINION

Before ELY, CHOY and SNEED, Circuit Judges.

ELY, Circuit Judge:

Fruchtman, a federal prisoner, appeals from a district court order denying a motion for post-conviction relief brought under 28 U.S.C. § 2255.

Fruchtman and another were charged with possession of 943.8 grams of cocaine with intent to distribute it. The indictment consisted of several counts. On February 5, 1974, appearing with counsel, Fruchtman entered a plea of guilty to one count, whereupon, the remaining counts were dismissed at the request of the prosecution. Following conviction on the plea, Fruchtman was remanded to the custody of the Attorney General for a period of eighteen months, with the provision that such detention should be followed by a three-year special parole term.

On November 5, 1974, Fruchtman, acting through retained counsel, moved the sentencing court, pursuant to 28 U.S.C. § 2255, for an order setting aside his plea of guilty on the grounds that he was not advised at the time the plea was entered of his Sixth Amendment rights of confrontation and compulsory process or of the fact that a plea of guilty would subject him to deportation under 8 U.S.C. § 1251. On November 7, 1974, the District Court entered its order denying all relief. This appeal followed.

Fruchtman here renews the contentions made below. He relies upon two distinct grounds for relief. First, he contends that the failure of the district judge specifically to advise him that a plea of guilty waived rights of confrontation and compulsory process under the Sixth Amendment offended the requirements of Rule 11, Fed.R. Crim.P. Second, it is claimed that the provision of Rule 11 that no plea be accepted without first determining that it is made "voluntarily with understanding of . . . the consequences of the plea" [1] required the District Court to advise Fruchtman, an alien, that conviction would subject him to deportation proceedings under 8 U.S.C. § 1251. We dispose of these questions in turn.

(1) *Waiver of Specific Constitutional Rights*

The appellant relies on *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), for the proposition that a plea-taking proceeding is void when the court fails to advise the defendant that a guilty plea waives one's Sixth Amendment rights to confrontation and compulsory process. The argument is based on the Supreme Court's enumeration of a trio of constitutional rights relinquished by a plea of guilty:

"A defendant who enters . . . a (guilty) plea simultaneously waives several constitutional rights, including his privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers."

*McCarthy v. United States, supra* 394 U.S. at 466, 89 S.Ct. at 1171, 22 L.Ed.2d at 425 (footnote omitted). *See also Boykin v. Alabama, supra* 395 U.S. at 243, 89 S.Ct. at 1712, 23 L.Ed.2d at 279. From this, appellant draws the conclusion that "the record of a plea, to be valid, must expressly and unequivocally demonstrate that the defendant is informed of his constitutional rights and waives them."

Subsequent decisions interpreting and applying *McCarthy* and *Boykin* have made it clear, however, that the focus of the decisions upon which Fruchtman relies is the requirement of a clear record that a defend-

1. Rule 11 was amended, effective August 1, 1975. Because this amendment did not become effective until after Fruchtman entered his plea, the effect of the amendment need not here be considered.

ant offering a plea of guilty does so voluntarily and with an understanding of the waiver of rights implicit in such a plea rather than the requirement of a ritualized enumeration of the specific constitutional rights waived. *See Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), and *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

We have previously held that "neither *McCarthy* nor *Boykin* requires that a defendant be specifically advised of all of his constitutional rights by the trial court if his plea is to be valid. Nor do we think that due process or Rule 11 impose such a requirement. A criminal defendant possesses a great number of rights which he is foreclosed from asserting by the entry of a guilty plea." *United States v. Sherman,* 474 F.2d 303, 305 (9th Cir. 1973) (citations omitted).

Our holding in *Sherman* was recently reaffirmed and applied to foreclose collateral attacks on state convictions by habeas petitioners in *Wilkins v. Erickson,* 505 F.2d 761 (9th Cir. 1974). "(S)pecific articulation of the *Boykin* rights is not the sine qua non of a valid guilty plea." *Id.* at 763. Other of our Courts of Appeals are in accord. *See, e. g., Todd v. Lockhart,* 490 F.2d 626, 628 n. 1 (8th Cir. 1974); *United States v. Dorszynski,* 484 F.2d 849, 851 (7th Cir. 1973), *rev'd on other grounds,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974); *Stinson v. Turner,* 473 F.2d 913, 915–16 (10th Cir. 1973); *Wade v. Coiner,* 468 F.2d 1059, 1061 (4th Cir. 1972); *United States v. Frontero,* 452 F.2d 406, 415 (5th Cir. 1971); *United States v. Webb,* 433 F.2d 400, 403 (1st Cir. 1970), *cert. denied,* 401 U.S. 958, 91 S.Ct. 986, 28 L.Ed.2d 242 (1971).

■ Here the record unmistakably discloses that, although the sentencing court did not specifically advise Fruchtman that his plea of guilty waived his rights to confrontation and compulsory process, the court did advise him that "you have a constitutional right to have a trial . . . before . . . a jury; that at that trial you may compel the Government to prove your guilt by competent evidence" (argu-

ably a fair statement of the Sixth Amendment right to confrontation); that appellant was "giving up, . . . waiving (his) constitutional rights to have a trial" and "giving up and waiving (his) constitutional privilege against self-incrimination." In addition, the court specifically interrogated both Fruchtman and his counsel regarding the voluntariness of the plea. In short, we hold that the district judge adequately complied with the requirements of Rule 11. The failure of the district judge specifically to enumerate, *eo nomine,* the Sixth Amendment rights necessarily waived by the plea of guilty provides no basis for the contention that the provisions of Rule 11 were not met.

*(2) Failure to Advise Petitioner of all Consequences of the Guilty Plea*

Fruchtman's second contention is that the District Court failed to comply with the requirements of Rule 11 that an accused be informed of "the consequences of the (guilty) plea". It is conceded that Fruchtman, by virtue of his alien status, was rendered subject to deportation proceedings as a result of his conviction, presumably under subsection (a)(11) of 8 U.S.C. § 1251. Deportation being a drastic measure, Fruchtman argues that Rule 11 required that the court advise him of such a consequence before accepting his plea.

■ It is clear, of course, from the text itself, that Rule 11 requires a District Court determination that the consequences of a plea of guilty are understood by one who enters such a plea. It is equally clear that administration of the rule requires the development of some limiting guide to define the nature of the consequences of which a defendant must be advised so that the requirements of the rule shall have been met. The common distinction drawn is the distinction between consequences characterized as "direct" and those characterized as "collateral". Under this approach, Rule 11 requires the District Court only to advise a defendant of the direct consequences of a plea of guilty. The accused need not be advised of those consequences that can ap-

propriately be denominated "collateral". Thus, some direct consequences of which a defendant must be informed under Rule 11 include the maximum allowable sentence (*Combs v. United States,* 391 F.2d 1017 (9th Cir. 1968)), recidivist provisions (*Berry v. United States,* 412 F.2d 189 (3rd Cir. 1969)), and loss of state probation or parole (*United States v. Myers,* 451 F.2d 402 (9th Cir. 1972)).

It has been held that some collateral consequences of which the defendant need not be informed under Rule 11 include civil proceedings leading to commitment (*Cuthrell v. Director, Patuxent Institution,* 475 F.2d 1364 (4th Cir.), *cert. denied,* 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241 (1973)), loss of good time credit (*Hutchison v. United States,* 450 F.2d 930 (10th Cir. 1971)), loss of right to vote and travel abroad (*Meaton v. United States,* 328 F.2d 379 (5th Cir. 1964), *cert. denied,* 380 U.S. 916, 85 S.Ct. 902, 13 L.Ed.2d 801 (1965)), and the possibility of undesirable discharge from the armed service (*Redwine v. Zuckert,* 115 U.S.App. D.C. 130, 317 F.2d 336 (1963)).

The distinction between direct and collateral consequences is familiar to us. *See Johnson v. United States,* 460 F.2d 1203 (9th Cir.), *cert. denied,* 409 U.S. 873, 93 S.Ct. 206, 34 L.Ed.2d 125 (1972); *Tibbs v. United States,* 459 F.2d 292 (9th Cir. 1972); *United States v. Myers, supra; Hinds v. United States,* 429 F.2d 1322 (9th Cir. 1970); *Combs v. United States, supra.* Nevertheless, the precise issue tendered here, whether deportation constitutes a direct or collateral consequence, is one of first impression in our court. However, other Courts of Appeals have resolved the specific issue. The Second Circuit, for example, has recently reaffirmed its earlier, pre-Rule 11 holding in *United States v. Parrino,* 212 F.2d 919 (2d Cir.), *cert. denied,* 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663 (1954), that a defendant need not be advised of deportation as a consequence of a guilty plea. *See United States v. Santelises,* 509 F.2d 703, 704 (2d Cir. 1975); *Michel v. United States,* 507 F.2d 461, 464–65 (2d Cir. 1974) (grounded on Rule 11). *Accord, United States v.*

*Sambro,* 147 U.S.App.D.C. 75, 454 F.2d 918, 922, *petition for rehearing* en banc *denied,* 454 F.2d 924 (1971) (per curiam); *United States v. Briscoe,* 139 U.S.App.D.C. 289, 432 F.2d 1351 (1970) (*semble*).

 We agree with the Second Circuit that when, as in the case of deportation, the consequence in issue "was not the sentence of the court which accepted the plea but of another agency over which the trial judge has no control and for which he has no responsibility" (*Michel v. United States, supra* at 465), Rule 11 imposes no duty on the District Court to advise a defendant of such consequences. The collateral consequences flowing from a plea of guilty are so manifold that any rule requiring a district judge to advise a defendant of such a consequence as that here involved would impose an unmanageable burden on the trial judge and "only sow the seeds for later collateral attack." *United States v. Sherman,* 474 F.2d 303, 305 (9th Cir. 1973).

AFFIRMED.