838 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter G. MATTHEWS, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 87-5793.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1988.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The petitioner, an Indiana prisoner, appeals the order of the district court denying his 28 U.S.C. Sec. 2255 motion to vacate his federal sentence of imprisonment. In that motion, petitioner claimed that his plea of guilty to four counts of firearm-related offenses was constitutionally deficient. In effect, petitioner argued that he did not voluntarily or intelligently enter his guilty plea, and that he was denied both effective assistance of counsel and his right to appeal. On the recommendation of the magistrate, and over the petitioner's timely objections, the district court denied the petitioner's motion to vacate.
 
 
 3
 Upon review, we reject petitioner's sole argument on appeal that the district court failed to satisfy the requirements of Boykin v. Alabama, 395 U.S. 238 (1969), simply because the petitioner was not informed during his sentencing of his right to confront his accusers. This court has long held that a constitutionally valid plea of guilty does not depend on a precise litany of each right to be waived. Campbell v. Marshall, 769 F.2d 314, 324 (6th Cir.1985), cert. denied, 475 U.S. 1048 (1986); Armstrong v. Egeler, 563 F.2d 796, 799 (6th Cir.1977); Fontaine v. United States, 526 F.2d 514, 516 (6th Cir.1975), cert. denied, 424 U.S. 973 (1976). A plea which is shown to be voluntarily and intelligently made will not be set aside. See Fruchtman v. Kenton, 531 F.2d 946, 947-48 (9th Cir.), cert. denied, 429 U.S. 895 (1976).
 
 
 4
 Because the transcript of the sentencing hearing conclusively demonstrates that petitioner's plea was voluntary and intelligent, we affirm the order of the district court entered on June 10, 1987, pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.