948 F.2d 1295
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Terry Trent WILSON, Petitioner-Appellant,
v.
Bob FURLONG, and Gale A. Norton, Attorney General,
Respondents-Appellees.
 No. 91-1195.
 United States Court of Appeals, Tenth Circuit.
 Nov. 14, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 Petitioner-appellant Terry Trent Wilson appeals an order of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We affirm.
 In 1973, petitioner pled guilty to one count of rape in exchange for the dismissal of four related counts and two other apparently unrelated cases with the understanding that, if eligible, he would be sentenced for one day to life under the Colorado Sex Offenders Act of 1968, Colo.Rev.Stat. §§ 39-19-1 to -16 (1969 Perm.Cum.Supp.) (currently found at Colo.Rev.Stat. §§ 16-13-201 to -216). Petitioner was found eligible for sentencing under the Act and was committed to the Department of Institutions to be "transferred to the Institution specified by [the] Executive Director of Institutions." Judgment and Sentence of July 19, 1973. Petitioner did not take a direct appeal.
 In 1980, petitioner filed a counseled motion to vacate his judgment and sentence pursuant to Colo.R.Crim.P. 35(c). Petitioner alleged his guilty plea was involuntary. He alleged the trial court did not explain the mens rea of the crime of rape and did not determine that there was a factual basis for the plea. Petitioner also alleged he was not told he could be incarcerated at the state penitentiary as well as the state hospital. The motion was denied by the trial court.
 On appeal, the Colorado Court of Appeals reversed. The court held that petitioner's guilty plea was not knowing and voluntary because he had not been properly advised of the nature of the crime, including the requisite mental element. People v. Wilson, 677 P.2d 948, 949 (Colo.Ct.App.1983). The Colorado Supreme Court reversed, with one justice dissenting. Wilson v. People, 708 P.2d 792, 799 (Colo.1985).
 
 
 1
 The supreme court held that petitioner had been properly advised of the elements of the crime. The court stated that the indictment, which was read to petitioner, included the term "feloniously," which the court had previously held was the equivalent of "knowingly" or "willfully." Thus, petitioner was informed of the required mens rea. Id. at 796. The court went on to address issues not reached by the Colorado Court of Appeals due to its resolution of the first issue. The court held that the trial court had not "failed to determine whether the defendant understood the possible penalties and places of incarceration resulting from the acceptance of his guilty plea" as he had alleged. Id. at 797. The court noted that at the time petitioner entered his plea, the department of institutions had jurisdiction over fourteen separate state institutions. Further, there was no requirement that the trial court explain to petitioner in which of these institutions he "could initially be placed or to which he might later be transferred." Id. at 798. The court also determined that a factual basis for the plea was established because the reports of the two psychiatrists who examined petitioner were made a part of the record and contained descriptions provided by petitioner of the crime. The court further noted that those descriptions "closely parallel[ed]" the description of the crime contained in the affidavit accompanying the information. Id. at 798-99.
 
 
 2
 In his petition to the federal district court, petitioner raised the issues that his plea was not knowing and voluntary[1] and that he was not advised he could be placed in the penitentiary. The magistrate judge recommended that the writ be granted. The magistrate judge found that petitioner had not been advised as to the elements of the offense and as to what the government would have to prove at trial. Further, the magistrate judge found no place in the record where petitioner had been advised he could be placed in a penitentiary. The magistrate judge concluded, therefore, petitioner was not informed as to the consequences of his plea, citing to United States v. Pogue, 865 F.2d 226 (10th Cir.1989).
 
 
 3
 The district court rejected the magistrate judge's recommendation. The court held that petitioner had been sufficiently advised of the nature of the charges against him. The court also held that the trial court's statement that petitioner would be committed to the custody of the director of institutions was sufficient because there was no requirement petitioner be informed of all the possible locales in which he might be placed.
 
 
 4
 A trial judge cannot accept a guilty plea "without an affirmative showing that it was intelligent and voluntary." Boykin v. Alabama, 395 U.S. 238, 242 (1969). "An enumeration of the specific rights waived and elements charged, however, is not required." United States v. Davis, 929 F.2d 554, 557 (10th Cir.1991).
 
 
 5
 Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense had been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.
 
 
 6
 Henderson v. Morgan, 426 U.S. 637, 647 (1976).
 
 
 7
 The trial court's reading of the indictment adequately informed petitioner of the nature of the offense of rape. Petitioner has presented no evidence to rebut the presumption that he is of normal intelligence, was read the information, and discussed the plea with counsel. See Worthen v. Meachum, 842 F.2d 1179, 1183 (10th Cir.1988).
 
 
 8
 Petitioner argues he was not informed he could be committed to a penal institution. He states he only agreed to plead guilty in order to be confined at the state hospital. In accordance with the statute, petitioner was committed to the "custody of the department for an indeterminate term." Colo.Rev.Stat. § 39-19-3 (1969 Perm.Cum.Supp.). "Department" was defined as the Department of Institutions, id. section 2(6), which at the time exercised jurisdiction over fourteen state institutions, including both the state hospital and the state penitentiary.[2] Wilson, 708 P.2d at 798 (citing Colo.Rev.Stat. § 3-11-4 (1969 Perm.Cum.Supp.)). Thus, petitioner was on notice by statute that he could be sentenced to the state penitentiary as well as the state hospital. Further, the Sex Offenders Act of 1968 permitted petitioner to be transferred to "any facility under the jurisdiction of the department," if it were determined to be in the defendant's and the public's best interests. Colo.Rev.Stat. § 39-19-16(2) (1969 Perm.Cum.Supp.).
 
 
 9
 We agree, as a matter of federal constitutional law, with the Colorado Supreme Court that the "trial court correctly informed the defendant that one result of the acceptance of his guilty plea could be commitment to the Department for the rest of defendant's life. No more detailed discussion of the possible locales in which the defendant might be placed was required." Wilson v. People, 708 P.2d at 798.
 
 
 10
 Petitioner initially was sent to the state hospital. While there, however, he was uncooperative and engaged in activity forbidden by state law and hospital rule. Consequently, he was transferred to the state penitentiary by prison officials. The state district judge was under no constitutional responsibility to render advice at the time of the plea concerning this eventuality. Petitioner's subsequent transfer to another institution in the Colorado system was not "a definite, immediate and largely automatic effect of the range of [petitioner's] punishment" for which advice would be required. See Cuthrell v. Director, Patuxent Institution, 475 F.2d 1364, 1366 (4th Cir.), cert. denied, 414 U.S. 1005 (1973). Rather, this eventuality was a collateral consequence of the plea. See Harris v. Allen, 929 F.2d 560, 562 (10th Cir.1991) (failure to advise concerning collateral consequences does not render a plea involuntary). Petitioner's transfer to the penitentiary after unsuccessful treatment cannot be directly attributed to the court which accepted the plea. The state district judge who accepted the plea was only required "to ascertain that the consequences of the sentence he imposes were understood." Michel v. United States, 507 F.2d 461, 465 (2d Cir.1974) (possibility of deportation is a collateral consequence). See also Fruchtman v. Kenton, 531 F.2d 946, 949 (9th Cir.) (same), cert. denied, 429 U.S. 895 (1976). Once petitioner had been placed at the state hospital, transfer decisions necessitated by petitioner's conduct plainly were beyond the control and responsibility vested in the state district judge by virtue of the plea.
 
 
 11
 A sentencing court need not advise a defendant of all possible collateral consequences of entering a guilty plea. Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir.1988). It "cannot be required to foresee an accused's future conduct and to predict all possible alternative ramifications thereof." Id. at 236. For that reason Pogue, 865 F.2d 226, is not applicable. In Pogue, this court held that the petitioner had alleged a cognizable Fed.R.Crim.P. 11 violation warranting further proceedings because the trial court had failed to notify him of the possibility that restitution, a direct consequence of his guilty plea, could be a part of his sentence. Id. at 228-30.
 
 
 12
 In conclusion, we hold that petitioner was sufficiently advised of the elements of the crime to which he pled guilty and of the rights he waived because of entering the plea. Further, the trial court adequately advised of the possible places to which he could be committed.
 
 
 13
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. Petitioner's motion for appointment of a law student and an attorney to supervise the law student for purposes of oral argument is DENIED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Petitioner raises, for the first time, on appeal to this court the issue that he was not advised of the rights he waived by entering a guilty plea. In general, we will not consider an issue not initially passed on below. See Singleton v. Wulff, 428 U.S. 106, 120 (1976); United States v. Rantz, 862 F.2d 808, 811 (10th Cir.1988), cert. denied, 489 U.S. 1089 (1989). We do not find here any exceptional circumstances justifying departure from this practice. See Hormel v. Helvering, 312 U.S. 552, 556-57 (1941)
 
 
 [2]
 Custodial responsibility over the state hospital was transferred to the Department of Corrections upon its creation. Wilson v. People, 708 P.2d at 794 (citing to Ch. 223, sec. 3, § 16-11-308, 1977 Colo.Sess.Laws 901, 902; Ch. 223, sec. 10, §§ 17-1-101 to -109, 1977 Colo.Sess.Laws 901, 903-06)