2 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Miguel Angel COVARRUBIAS-AVILEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70284.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 4, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Migel Angel Covarrubias-Avilez, a native and citizen of Mexico, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA"), affirming the Immigration judge (IJ) and ordering him deported to Mexico as having violated a law relating to a controlled substance, pursuant to 8 U.S.C. Sec. 1251(a)(2)(B)(i). We have jurisdiction under 8 U.S.C. Sec. 1106(a), and affirm.[1]
 
 
 3
 Covarrubias-Avilez contends that the BIA erred by holding him deportable because he was not advised by the district court that his guilty plea to the controlled substance offense would result in his deportation. This argument is foreclosed by our decision in Steinsvik v. Vinzant, 640 F.2d 949, 956 (1981) (en banc). "[T]he possibility of deportation is not a direct consequence of a guilty plea, and the sentencing court is not required to advise an alien defendant that he could be subject to deportation as a result of the plea." Id. (citing Fruchtman v. Kenton, 531 F.2d 946, 948 (9th Cir.), cert. denied, 429 U.S. 895 (1976)).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Covarrubias-Avilez concedes that the law is not in his favor and asks this court to overturn precedent. Overturning well settled law can only be done through an en banc proceeding and must be requested at the time the appellee's brief is filed or in the case of a suggestion for rehearing en banc, within the time prescribed by Rule 40 for filing a petition for rehearing. Fed.R.App.P. 35