53 F.3d 340
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Patricio FRANCO-LOPEZ, Defendant-Appellant.
 No. 94-30375.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 28, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patricio Franco-Lopez appeals his guilty plea conviction for possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2, and for failure to appear in violation of 18 U.S.C. Sec. 3146(a)(1). Franco-Lopez contends that the district court violated Fed.R.Crim.P. 11 by not adequately advising him of the collateral consequence of deportation should he enter a guilty plea. Rule 11 requires only that the district court advise the defendant of "the direct consequences of a plea of guilty," but not the collateral consequences, such as possible deportation. Fruchtman v. Kenton, 531 F.2d 946, 948-949 (9th Cir.), cert. denied, 429 U.S. 895 (1976). Franco-Lopez concedes that this court has held that deportation is a collateral consequence of a guilty plea, id., but urges us to reconsider that holding. As a general rule, one three judge panel of this court cannot overrule the decision of a prior panel. United States v. Gay, 967 F.2d 322, 327 (9th Cir.), cert. denied, 113 S.Ct. 359 (1992). Accordingly, the district court did not err in denying Franco-Lopez's pre-sentencing motion to set aside his guilty plea.
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3