69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cuong Van HA, Defendant-Appellant.
 No. 94-50654.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 1, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cuong Van Ha appeals his guilty plea conviction for conspiracy in violation of 18 U.S.C. Sec. 371. Ha contends that the district court erred by denying his motion to withdraw his guilty plea because it was invalid due to ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review a district court's decision whether to grant a motion for withdrawal of a guilty plea for an abuse of discretion. United States v. Alber, 56 F.3d 1106, 1111 (9th Cir.1995). Whether a defendant received ineffective assistance of counsel is a mixed question of law and fact reviewed de novo. United States v. Davis, 36 F.3d 1424, 1433 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995).
 
 
 4
 Here, Ha contends that the district court should have granted his motion to withdraw his guilty plea because his trial attorney misrepresented to Ha that his guilty plea would not result in Ha's deportation. Ha argues that his attorney's ineffectiveness rendered his guilty plea involuntary. This contention lacks merit.
 
 
 5
 Although ineffective assistance of counsel may be used to attack the voluntariness of a guilty plea, Torrey v. Estelle, 842 F.2d 234, 236-37 (9th Cir.1988), such claims are normally addressed in collateral proceedings under 28 U.S.C. Sec. 2255. Davis, 36 F.3d at 1433. However, we may review such claims on direct appeal if the record is sufficiently developed to permit review and determination of the issue. Id. Because Ha's trial attorney submitted a declaration specifying the circumstances and events which resulted in her advising Ha to plead guilty, the record is sufficiently developed to afford our review. See Davis, 36 F.3d at 1433.
 
 
 6
 To sustain a claim for ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was outside the wide range of professionally competent assistance, and (2) that the defendant was prejudiced by reason of counsel's actions. Strickland v. Washington, 466 U.S. 668, 687-90 (1984). Defense counsel's alleged misrepresentation regarding the possibility of Ha's deportation concerned a collateral consequence of his guilty plea to a conspiracy involving various firearms offenses. See Fruchtman v. Kenton, 531 F.2d 946, 949 (9th Cir.), cert. denied, 429 U.S. 895 (1976) (possibility of deportation is a collateral consequence of which a defendant need not be apprised by the court under Rule 11 in order for the court to accept his guilty plea). Thus, it follows that the failure by Ha's attorney to advise him of the possibility of deportation is not ineffective assistance and will not invalidate a guilty plea. See Torrey, 842 F.2d 236-37 (failure to advise a defendant of a collateral penalty cannot be held to be below an objective standard of reasonableness).
 
 
 7
 Accordingly, because Ha has failed to show that his attorney's advice regarding the possibility of deportation was outside the wide range of professionally competent assistance, his claim of ineffective assistance of counsel must fail. See Strickland, 466 U.S. at 687. Moreover, the district court clearly informed Ha at the Rule 11 proceeding that Ha could be facing the possibility of deportation if he pleaded guilty. Thus, even if the attorney incorrectly advised Ha regarding the possibility of deportation, Ha has failed to show that he was prejudiced by his attorney's advice. See Strickland, 466 U.S. at 694. Accordingly, the district court did not abuse its discretion by denying Ha's request to withdraw his guilty plea. See Alber, 56 F.3d at 1111.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3