127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Gadwah, aka Nural Mustag Gadwah, Defendant-Appellant.
 No. 97-15210.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 20, 1997**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the Eastern District of California Edward D. Price, District Judge, Presiding
 Before THOMPSON, T.G. NELSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Gadwah appeals pro se the district court's denial of his petition for a writ of error coram nobis seeking to vacate his 1982 conviction for bank embezzlement. We affirm.
 
 
 3
 Gadwah contends that he is entitled to issuance of the writ because his counsel was ineffective in failing to advise him of the deportation consequences of his guilty plea. We reject this contention.
 
 
 4
 In order to qualify for coram nobis relief, a petitioner must demonstrate, among other factors, that "the error is of the most fundamental character." See Hirabavashi v. United States, 828 F.2d 591, 604 (9th Cir.1987). We agree with the district court that Gadwah failed to satisfy this requirement because counsel's failure to advise him that he could be subject to deportation, a collateral consequence of his guilty plea, did not constitute ineffective assistance. See Torrey v. Estelle, 842 F.2d 234, 237 (9th Cir.1988) (counsel's failure to advise a defendant of a collateral consequence of pleading guilty does not amount to defective performance); Fruchtman v. Kenton, 531 F.2d 946, 949 (9th Cir.1976) (becoming subject to deportation is a collateral consequence of entering a guilty plea).
 
 
 5
 Gadwah also contends that the district court should have construed his petition for writ of error coram nobis as a habeas petition. The district court properly concluded that it lacked jurisdiction to grant relief under 28 U.S.C. § 2255 because Gadwah was not in custody at the time he filed his petition. See Hirabayashi, 828 F.2d at 604.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Gadwah's motion for an extension of time to file a reply brief is granted. The reply brief received on July 23, 1997, shall be filed. Gadwah's "Application to Augment the Record on Appeal" is denied