UNITED STATES of America,
Plaintiff—Appellee,

v.

Muhammad FOFANA, Defendant—
Appellant.

No. 06–30196.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2006.

Filed Dec. 12, 2006.

Helen J. Brunner, Esq., Michael J. Lang, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff-Appellee.

Peggy Sue Juergens, Esq., Seattle, WA, for Defendant–Appellant.

Before: B. FLETCHER, GRABER, and McKEOWN, Circuit Judges.

MEMORANDUM *

Defendant Muhammad Fofana was indicted on a charge of fraud relating to immigration documents, based on statements he made in an application for asylum. In addition to facing the federal criminal charge, Defendant was subjected to separate immigration proceedings initiated by the Bureau of Immigration and Customs Enforcement.

Defendant pleaded guilty to the criminal charge pursuant to a plea agreement that provided for a recommended sentence of time served plus two years of "supervised

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

release." Before being sentenced on his criminal charge, Defendant moved to withdraw his guilty plea on the grounds that he misunderstood the "supervised release" provision to mean that he would be released from *all* federal custody, including immigration custody, and that neither the magistrate judge nor counsel had explained the term prior to his plea. The district court denied Defendant's motion. We review for abuse of discretion, *United States v. Reyna–Tapia*, 328 F.3d 1114, 1117 (9th Cir.2003) (en banc), and affirm.

A district court may allow a defendant to withdraw a guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. Ortega–Ascanio*, 376 F.3d 879, 883 (9th Cir.2004).

Here, Defendant argues that the plea colloquy was inadequate insofar as it failed to inform him of the consequences of the recommended sentence on his immigration custody status. Rule 11 does not require the district court to inform a criminal defendant of the "collateral consequences" of a guilty plea. *See Fruchtman v. Kenton*, 531 F.2d 946, 948–49 (9th Cir.1976) (holding that "when, as in the case of deportation, the consequence in issue was not the sentence of the court which accepted the plea but of another agency over which the trial judge has no control and for which he has no responsibility, Rule 11 imposes no duty on the District Court to advise a defendant of such consequences." (citation and internal quotation marks omitted)). *Fruchtman* remains good law. *United*

States v. Amador–Leal, 276 F.3d 511, 513, 516 (9th Cir.2002). The district court did not abuse its discretion in denying Defendant's motion to withdraw his plea.

AFFIRMED.