**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robin MULLER, Defendant–Appellant.**

**No. 07–30476.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 2008.

Filed Dec. 30, 2008.

458

Stephanie J. Lister, Esquire, Thomas O. Rice, Esquire, Assistant U.S. USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Bryan P. Whitaker, Esquire, Spokane, WA, for Defendant–Appellant.

Before: PREGERSON, CANBY, and HALL, Circuit Judges.

## MEMORANDUM *

Robin Muller pleaded guilty to conspiracy to distribute over five kilograms of cocaine in violation of 21 U.S.C. §§ 841 and 846. After absconding to New Zealand, he was extradited and sentenced to 151 months imprisonment. Muller brings this appeal to challenge both the denial of his motion to withdraw the guilty plea and his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ The district court did not err in finding that Muller's plea was voluntary, nor did it abuse its discretion in denying Muller's motion to withdraw his guilty

plea. *See United States v. Gaither,* 245 F.3d 1064, 1068 (9th Cir.2001) (reviewing voluntariness challenges de novo); *United States v. Reyna–Tapia,* 328 F.3d 1114, 1117 (9th Cir.2003) (en banc) (reviewing the denial of a motion to withdraw a plea for abuse of discretion). Aside from his own assertions, Muller presents no admissible evidence to support his claims of coercion and actual innocence, and the district court made a credibility finding against him. Thus we reject Muller's suggestion that the district court erred in holding that his plea was voluntarily given under *Machibroda v. United States,* 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). Muller's prior stipulations to the facts underlying the charged crimes undermine his present claim of actual innocence. The district court therefore did not abuse its discretion in denying Muller's motion to withdraw his plea. *See United States v. Rios–Ortiz,* 830 F.2d 1067, 1069 (9th Cir.1987) (placing the burden on the defendant to show a fair and just reason for withdrawing a plea).

■ The district court did not violate Rule 11 of the Federal Rules of Criminal Procedure by failing to advise Muller that deportation was a possible consequence of his sentence. Rule 11 requires the judge accepting a guilty plea to advise the defendant of direct, but not collateral, consequences of conviction. *Fruchtman v. Kenton,* 531 F.2d 946, 948–49 (9th Cir.1976). Because deportation "was not the sentence of the court which accepted the plea but of another agency over which the trial judge has no control and for which he has no responsibility, Rule 11 imposes no duty on the District Court to advise a defendant of such consequences." *Id.* at 949 (internal

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

quotation marks and citation omitted). This rule has survived the enactment of AEDPA and IIRIRA, even though those statutes make it "virtually certain that an aggravated felon will be removed." *United States v. Amador–Leal,* 276 F.3d 511, 516 (9th Cir.2002). Thus, the district court committed no error.

Muller also challenges his sentence on several grounds. He argues for the first time on appeal that his equal protection rights are denied because, as an alien, he suffers a higher classification of confinement and is denied a period of transitional confinement at the end of his sentence in order to re-introduce him into the community. He has laid no foundation in the record for these claims, nor has he cited any authority that such treatment would violate the Equal Protection clause. Congress has granted the Bureau of Prisons discretion to determine the appropriate conditions under which a prisoner shall serve his or her sentence. *See* 18 U.S.C. § 3621(b). Reviewing for plain error, *United States v. Olano,* 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), we cannot say that the challenged classification of aliens subject to removal is without any rational basis, such as an increased risk of flight. *See McLean v. Crabtree,* 173 F.3d 1176, 1185–86 (9th Cir.1999) (finding flight risk a rational basis for the denial of community transition programs for prisoners subject to detainer, including deportable aliens).

There is no merit to Muller's contention that the sentence enhancement for obstructing justice violated the extradition treaty between the United States and New Zealand because he was not extradited for that crime. Interpretations of extradition treaties are reviewed de novo. *See United States v. Lazarevich,* 147 F.3d 1061, 1063 (9th Cir.1998). It is true that the treaty contains the Rule of Specialty, which re-quires that the extradited person not be "detained, tried or punished in the territory of the requesting Party for any offense other than an extraditable offense disclosed by the facts on which his surrender was granted." Treaty on Extradition Between the United States of America and New Zealand, art. XIII, Jan. 12, 1970, 22 U.S.T. 1, T.I.A.S. 7035. Nevertheless, "the [extradition order] and the Treaty were made ... within an historical and precedential context" which "includes the long-standing practice of United States courts of considering relevant, uncharged evidence at sentencing." *Lazarevich,* 147 F.3d at 1064. "[U]se of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment." *Id.* at 1063–64 (quoting *Witte v. United States,* 515 U.S. 389, 399, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995)). Thus the enhancement Muller challenges was part of his punishment for his drug offense, and not a punishment for the separate crime of obstruction of justice. That punishment accordingly did not violate the extradition treaty. The letter from the New Zealand Minister of Justice relating to Muller's extradition tracks the terms of the treaty and does not alter this conclusion. Therefore, this enhancement was not improper.

Finally, Muller argues that his sentence violates the equal protection clause because it was disparate in relation those given to the other conspirators. We "appl[y] the rational basis standard of review to equal protection challenges to the Sentencing Guidelines based on a comparison of allegedly disparate sentences." *United States v. Ellsworth,* 456 F.3d 1146, 1149 (9th Cir.2006). The district judge provided a rational basis for the sentencing disparities at issue, explaining that Muller "wasn't just a street dealer. He was a principal distributor of large quanti-

ties of cocaine." The district court also placed some weight on the fact that Muller was not someone who fell into drug dealing to support an addiction; he was dealing drugs "for the money." These reasons amply support the sentence given to Muller relative to the sentences of other defendants.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.