Joseph TORREY, Petitioner–Appellant,

v.

Wayne ESTELLE, Respondent–Appellee.

No. 87–5628.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 4, 1988.

Decided March 23, 1988.

Cheryl Lutz, Los Angeles, Cal., for petitioner-appellant.

Pamela C. Hamanaka, Los Angeles, Cal., for respondent-appellee.

Before CANBY and WIGGINS, Circuit Judges, and LOVELL,* District Judge.

LOVELL, District Judge:

Joseph Torrey, a California state prisoner, appeals the district court's denial of his petition for writ of habeas corpus, filed under 28 U.S.C. § 2254.

In January of 1980, pursuant to a plea agreement with the people of the State of California, appellant entered a plea of guilty to one count of first degree murder. As part of the plea bargain, the parties agreed that appellant would be committed to the California Youth Authority for execution of his sentence. Appellant was 19 years old at the time the alleged offense was committed.

* Honorable Charles C. Lovell, United States District Judge, District of Montana, sitting by designation.

After serving approximately two years in the custody of the Youth Authority, appellant was returned by the Youthful Offender Parole Board to the committing court for imposition of sentence to state prison on the ground that he was not amenable to Youth Authority Treatment. The Board's decision was based on the history of his behavior since the time of commitment and his attempt through unauthorized use of the mails to purchase a gun. Following denial of appellant's motion to withdraw his plea, the court imposed sentence of 25 years to life in the state prison.

Appellant exhausted his state remedies and thereafter filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to a United States Magistrate, who issued findings and recommended that the petition be denied without an evidentiary hearing. Overruling appellant's written objections, the district court adopted the findings of the magistrate and denied the petition.

Two issues are raised on appeal:

1. Were appellant's due process rights violated by the California court's failure to advise him, at the time his plea was entered, that he could be resentenced to the maximum term for murder if the Youth Authority found that he was not amenable to treatment?

2. Did appellant's counsel render ineffective assistance by failing to advise him of the possibility that he could be returned to the court for sentencing if he was removed from the custody of the Youth Authority?

This court has jurisdiction under 28 U.S.C. §§ 1291 and 2253. The decision to grant or deny a petition for writ of habeas corpus is reviewed de novo. *Carter v. McCarthy,* 806 F.2d 1373, 1375 (9th Cir.1986), *cert. denied,* — U.S. —, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987). Factual findings underlying a court's conclusion of voluntariness are given deference in a habeas proceeding and reviewed for clear error on appeal. *Iaea v. Sunn,* 800 F.2d 861, 864 (9th Cir.1986). Deference is not accorded to a state court's determinations of mixed questions of law and fact or of purely legal questions, and thus the ultimate question of voluntariness is reviewed de novo. *Id.*

1. *Due process violation*

Due process guarantees under the fifth amendment require that a defendant's guilty plea be voluntary and intelligent. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). A plea of guilty is voluntary "only if it is 'entered by one fully aware of the *direct* consequences' of his plea." *Carter,* 806 F.2d at 1375 (quoting *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970)) (emphasis in original). Before a court may accept a defendant's guilty plea, the defendant must be advised of the "range of allowable punishment" that will result from his plea. *U.S. ex rel. Pebworth v. Conte,* 489 F.2d 266, 268 (9th Cir.1974).

This court, in harmony with other circuits, has held that although a defendant is entitled to be informed of the direct consequences of the plea, the court need not advise him of "all the possible collateral consequences." *United States v. King,* 618 F.2d 550, 552 (9th Cir.1980); *Sanchez v. United States,* 572 F.2d 210, 211 (9th Cir.1977).

Appellant argues that the sentence he is now serving is clearly a direct consequence of his plea, yet he was not advised that if initially accepted by the Youth Authority the possibility remained that he could be sentenced to state prison for 25 years to life. He insists that his plea of guilty was premised on the understanding that he would serve six years with the Youth Authority and be released at age 25. It was incumbent upon the court, he argues, to inform him that this belief was not necessarily an accurate prediction of his sentence.

Appellant was advised of the maximum sentence he was facing for first-degree murder. He was further advised of the possibility under the plea agreement that he would be committed to the Youth Au-

thority.[1] When sentence was imposed, the terms of the plea bargain were met, including commitment to the Youth Authority. The issue is whether appellant's return to state court and resentencing to state prison were a direct consequence of his plea requiring prior advice thereof by the court.

The distinction between a direct and collateral consequence of a plea " 'turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment.' " *George v. Black*, 732 F.2d 108, 110 (8th Cir.1984) (quoting *Cuthrell v. Director, Patuxent Institution*, 475 F.2d 1364, 1366 (4th Cir.), *cert. denied*, 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241 (1973)). Under this standard, direct consequences include a mandatory special parole term, *United States v. Harris*, 534 F.2d 141 (9th Cir. 1976); ineligibility for parole, *Munich v. United States*, 337 F.2d 356, 361 (9th Cir. 1964); and the maximum punishment provided by law, *Pebworth*, 489 F.2d at 267.

In contrast, collateral consequences include the possibility that sentences may run consecutively, *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 107, 98 L.Ed.2d 66 (1987); the possibility of revocation of parole, *Sanchez*, 572 F.2d at 211; potential deportation, *Fruchtman v. Kenton*, 531 F.2d 946, 949 (9th Cir.), *cert. denied*, 429 U.S. 895, 97 S.Ct. 256, 50 L.Ed.2d 158 (1976); civil tax liability, *King*, 618 F.2d at 553; the likelihood of an undesirable military discharge, *Redwine v. Zuckert*, 317 F.2d 336 (D.C.Cir.1963); and the potential for civil commitment proceedings, *George v. Black*, 732 F.2d at 111.

In many cases, the determination that a particular consequence is "collateral" has rested on the fact that it was in the hands of another government agency or in the hands of the defendant himself. For example, where a defendant is subjected to mental health commitment proceedings, commitment is not an automatic result of such proceedings and the proceedings are conducted by a different tribunal. *George*, 732 F.2d at 111. Similarly, the time of potential parole eligibility is not certain result of a guilty plea, but depends upon the defendant's conduct and is purely discretionary. *Carter v. McCarthy*, 806 F.2d at 1375.

In this case, the possibility that appellant could be returned to the court for commitment to state prison was not an automatic consequence of his plea. Whether to return a defendant to court is in the discretion of the Youthful Offender Parole Board, whose authority is "separate and distinct from that of the sentencing judge." *Sanchez*, 572 F.2d at 211. As such, a defendant's exclusion from the Youth Authority is contingent on many factors, including the future conduct of the defendant himself, and cannot be held to be a direct consequence of his plea.[2]

In determining the voluntariness of a plea and whether it has been made intelligently, the court cannot be required to foresee an accused's future conduct and to predict all possible alternative ramifications thereof. Appellant's failure to succeed under the original terms of his sentence was simply an indefinite possibility on which the trial judge had no duty to speculate. Therefore, no due process violation arose out of the court's failure to advise appellant of the possibility of his return to court and commitment to state prison.

### 2. *Ineffective assistance of counsel*

■ Appellant claims that even if the court had no duty to advise him of the

---

**1.** During the plea proceedings, the following colloquy occurred:
THE COURT: Now, you also could be sent to the California Youth Authority, Mr. Torrey, in which event they could retain you there up until the age of twenty-five.
Do you understand that?
THE DEFENDANT: Yes, I do.
THE COURT: And there are also provisions of law that if they felt you were still dangerous to the health and safety of the community that they could petition the court and ask that you remain there for a further period of time. Do you understand that?
THE DEFENDANT: Yes.

**2.** The fact that he was brought before the same court for resentencing does not alter this result. It is the administrative body which is vested with the authority to determine whether an offender will be returned, a decision in which the sentencing court does not participate.

effects of exclusion from the Youth Authority, his attorney's failure to advise him that he could be sent to prison for 25 years to life constitutes ineffective assistance and renders his plea involuntary.

This court applies a two-part test to evaluate claims of ineffective assistance of counsel. "First, the ' "defendant must show that counsel's representation fell below an objective standard of reasonableness." ' ... Second, counsel's error must have prejudiced the defendant." *United States v. Rubalcaba,* 811 F.2d at 494 (quoting *Eggleston v. United States,* 798 F.2d 374, 376 (9th Cir.1986) and *Strickland v. Washington,* 466 U.S. 668, 688, 692, 104 S.Ct. 2052, 2064, 2067, 80 L.Ed.2d 674 (1984)). "Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira–Alameda,* 815 F.2d 1251, 1253 (9th Cir. 1986).

Where a defendant enters a plea of guilty upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (quoting *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)). Gross mischaracterization of the likely outcome of the plea, combined with erroneous advice on the possible effects of going to trial, falls below the level of competence required for a defense attorney. *Iaea v. Sunn,* 800 F.2d 861, 865 (9th Cir.1986).

Counsel's failure to predict defendant's future return to court for resentencing is not such "gross mischaracterization" as to be found below the level of competence demanded of defense attorneys. Counsel testified that the plea bargain was satisfied when appellant was committed to the Youth Authority. This is not a case where the defendant was erroneously promised a sentence he did not receive. *See Iaea,* 800 F.2d at 864–65. Defendant received the benefit of his bargain. Failure to advise him of a collateral penalty cannot be held to be below an objective standard of reasonableness. *See, e.g., United States v. Degand,* 614 F.2d 176, 178 (8th Cir.1980).

Moreover, appellant has failed to demonstrate how he was prejudiced by the error, if any. He testified before the state court that his purpose in pleading guilty was to avoid the death penalty and to avoid state prison. Yet he knew that he could be sent to prison if the Youth Authority did not accept him.[3] Review of the record indicates that appellant would have entered his plea even if he was aware of the potential state prison sentence, and he has failed to show that but for counsel's failure to advise him of this possible collateral consequence he would not have entered a plea of guilty.

The judgment of the district court is AFFIRMED.

CANBY, Circuit Judge, dissenting.

I dissent because I believe that Torrey's plea was uninformed and therefore involuntary. Torrey was advised that he could be sentenced to state prison *if he was not accepted by the Youth Authority.* At the time of his plea, however, Torrey knew that he had been accepted by the Youth Authority. He was told that if he was sent to the Youth Authority, he would remain there until he was 25 years old and that, if he was then considered to be a danger to the community, he might have to remain with the Youth Authority longer. He was never warned that, even though he had been accepted by the Youth Authority, he could still be resentenced to state prison. Yet he is now in state prison serving a sentence of 25 years to life. Under this set

---

3. At the time of sentencing, appellant was advised as follows:
THE COURT: Probation is denied. The defendant is ordered sentenced to California Youth Authority pursuant to Section 1731.5 Welfare and Institutions Code. Of course, counsel, if the defendant is not accepted by the California Youth Authority then he would face State Prison.
MR. WILLIAMS: Yes, your Honor.
THE COURT: He's aware of that?
MR. WILLIAMS: Yes.

of facts, I cannot agree that Torrey was properly informed of his "range of allowable punishment." *United States ex rel. Pebworth v. Conte,* 489 F.2d 266, 268 (9th Cir.1974).

The sentence Torrey is now serving was a direct result of his plea. It is true that the line between direct consequences, of which the defendant must be warned, and collateral consequences, of which he need not be warned, is not easily drawn. But Torrey was sentenced anew by the original sentencing court for the crime to which he pleaded guilty. His situation is different from that of a parole violator, who is determined by the independent parole commission to have violated a condition of his parole and is returned to prison to finish his original sentence. While Torrey did misbehave while in custody of the Youth Authority, his resentencing is not truly based on that misbehavior, but on his original plea. We are not controlled by the view of the Eighth Circuit that direct consequences must be "largely automatic." *George v. Black,* 732 F.2d 108, 110 (8th Cir.1984) (quoting *Cuthrell v. Director, Patuxent Institution,* 475 F.2d 1364 (4th Cir.), *cert. denied,* 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241 (1973)). In any event, the Eighth Circuit cases dealt with independent civil commitment proceedings, which were much less directly connected to a guilty plea than Torrey's prison sentence. In the end, the question is whether the consequence is so closely related to the plea that fairness requires that the defendant be warned. In my view Torrey's prison sentence meets that test. I would grant the writ and permit him to withdraw his plea.