29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul FAILLA, Petitioner-Appellant,
v.
Eddie R. MYERS, Warden, et al., Respondents-Appellees.
 No. 93-56120.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1994.*
Decided July 18, 1994.
 
 1
 Before: BROWNING and FLETCHER, Circuit Judges, and FITZGERALD,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Paul Failla appeals pro se the dismissal of his 42 U.S.C. Sec. 2254 habeas petition challenging his conviction, based on a guilty plea, for burglary and a sex crime. Failla raises five claims on appeal which we address in turn. We affirm.
 
 
 4
 We review the dismissal of a habeas petition de novo. Dickson v. Sullivan, 849 F.2d 403, 405 (9th Cir.1988). Factual findings are reviewed for clear error. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 A. Photographic Identification
 
 5
 Failla contends that the district court erred in admitting a photographic identification at his preliminary hearing because the procedure employed was impermissibly suggestive. This issue is being raised for the first time. Generally we will not consider issues raised for the first time on appeal. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992).
 
 B. Validity of Guilty Plea
 
 6
 Failla claims his guilty plea was not knowing and voluntary because he never checked the appropriate box on the waiver-of-rights form indicating he understood the minimum and maximum sentence he might receive or the requirement of registering as a sex offender if convicted. However, it appears the state trial court informed Failla before accepting his plea that it would impose a sentence of eight years, as specified in the plea agreement, and that he would have a duty to register under California Penal Code section 290 as a sex offender. Failla does concede he verbally acknowledged that he understood the consequences of the plea. To the extent his claim rests on the argument that California law requited the disclosures to be made in writing on the waiver form and Failla to show his understanding by checking the appropriate box on that form, it is not cognizable. See, Hernandez v. Ylst, 930 F.2d 714 (9th Cir.1991).
 
 C. Ineffective Assistance of Counsel
 
 7
 Failla claims his counsel's performance was constitutionally defective for failing to inform him of his right to appeal and of the time limitations for filing an appeal. However, Failla filed a timely notice of appeal and request for a certificate of probable cause in the state trial court. Assuming counsel's explanation of these rights was inadequate, it is clear that Failla was aware of these rights and has suffered no prejudice. Torrey v. Estelle, 842 F.2d 234, 237 (9th Cir.1987).
 
 
 8
 Failla also argues his counsel's performance was defective for failing to advise him that he would have to register as a sex offender if convicted. This claim was not raised below and the record indicates the district court advised Failla of this requirement before accepting the guilty plea.
 
 
 9
 D. Violation of Federal Guidelines and Rules
 
 
 10
 Failla next claims the state court violated the Sentencing Guidelines and the Federal Rules of Criminal Procedure, which require a presentence report unless the court determines the record already contains sufficient information on which to base a sentencing decision. However, he offers no authority requiring a state court to follow federal sentencing rules.
 
 
 11
 Failla also claims the state trial court impermissibly relied on prior arrest records in determining his sentence. He apparently never raised this claim in the state courts or the district court and he offers no factual basis for the claim on appeal. He offers no citation to the record showing that the state court ever relied on his prior arrests and no authority entitling him to relief even if these factual allegations could be verified.
 
 E. Denial of Certificate of Probable Cause
 
 12
 Failla argues the state trial court erred in denying him a certificate of probable cause to challenge the conviction and sentence in the state appellate courts. This claim does not state a violation of federally protected rights, and therefore we do not consider it.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3