95 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Forrest Lee JONES, Petitioner-Appellant,
v.
Rosie B. GARCIA, Warden; James Gomez; Attorney General of
the State of California, Respondents-Appellees.
Forrest Lee JONES, Petitioner-Appellant,
v.
James H. GOMEZ; Rosie B. Garcia, Warden; Attorney General
of the State of California, Respondents-Appellees.
 No. 95-16795, 95-16797.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Forrest Lee Jones appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petitions challenging his guilty plea conviction to two counts of residential burglary. Jones contends that his guilty plea was not voluntary and intelligent and that he was denied effective assistance of counsel. We have jurisdiction under 28 U.S.C. § 2253, 1291. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 1. Guilty Plea
 
 3
 Jones contends that his guilty plea was involuntary because he was not expressly told that he would be ineligible for a civil narcotics commitment to the California Rehabilitation Center ("CRC") if the sentence he received exceeded six years.[1] This contention lacks merit.
 
 
 4
 The record reflects that Jones was fully informed of the possible consequences of his guilty plea and that his plea was voluntary. See Torrey v. Estelle, 842 F.2d 234, 235-36 (9th Cir.1988). Although Jones was not expressly advised of the six-year restriction, he was provided with sufficient information to ensure that his plea was voluntary and intelligent. The district court advised Jones of the maximum sentence he was facing. The court expressly told Jones and he acknowledged that he could be sent to state prison even if the probation department, the district attorney and his attorney recommended civil commitment. Jones acknowledged that under the terms of the plea agreement the district attorney only promised not to oppose a civil commitment. When sentenced, the terms of the plea agreement were met. Accordingly, the district court did not err by determining that Jones' plea was voluntary and intelligent because he was fully informed of the possible direct consequences of his plea. See id. (defendant need not be informed of all possible collateral consequences of plea).
 
 2. Ineffective Assistance of Counsel
 
 5
 Jones contends that counsel's failure to inform him of the six-year restriction constitutes ineffective assistance of counsel. This contention lacks merit.
 
 
 6
 To succeed on an ineffective assistance of counsel claim, a defendant who pleads guilty must show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases, and that but for counsel's alleged error, he would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 56 (1985).
 
 
 7
 Here, Jones failed to demonstrate that counsel's advice was outside the range of competence demanded of attorney's in criminal cases. See Torrey, 842 F.2d at 237 (failure to warn of collateral consequences does not amount to ineffective assistance of counsel). Moreover, Jones failed to demonstrate he was prejudiced. See Hill, 474 U.S. at 56.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A defendant is ineligible for a civil narcotics commitment to the CRC if the term of his sentence exceeds six years. Cal.Welf. & Inst.Code § 3052
 
 
 [2]
 Because we affirm the denial of habeas relief and the dismissal of the petitions under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal