108 F.3d 338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Curtis Alan RENNER, Petitioner-Appellant,
v.
STATE OF OREGON, Respondent-Appellee.
 No. 95-35527.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1997.*
Decided Jan. 17, 1997.
 
 Before: ALDISERT**, PREGERSON, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Oregon state prisoner Curtis Alan Renner appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for burglary. Renner contends his counsel was ineffective because she failed to file a suppression motion during his state court proceedings and because she failed to inform Renner that he could be subject to federal prosecution as a result of pleading guilty to the state law charge. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 * Background
 
 
 4
 Renner pleaded guilty in state court to one count of first degree burglary after confessing, at the time of his arrest, to having committed two burglaries. One of the items stolen during the burglary was a handgun, and Renner was subsequently federally prosecuted for being a felon in possession of a firearm. Renner's attorney during the federal proceedings made a motion to suppress all post-arrest statements made by Renner on the grounds of an alleged Miranda violation. The federal district judge granted the suppression motion after hearing testimony from a witness who stated that she had heard Renner invoke his right to counsel at the time of his arrest. In spite of the suppression of his confession, Renner pleaded guilty to the federal charge and was sentenced to ten years imprisonment.
 
 II
 Ineffective Assistance of Counsel
 
 5
 Renner contends his state court counsel was ineffective because she failed to investigate whether Renner's Miranda rights had been violated prior to advising him to plead guilty and failed to file a suppression motion during the state court proceedings. This contention lacks merit.
 
 
 6
 "[I]n a federal habeas challenge to a state criminal judgment, a state court conclusion that counsel rendered effective assistance is not a finding of fact binding on the federal court to the extent stated by 28 U.S.C. § 2254(d)." Strickland v. Washington, 466 U.S. 668, 698 (1984). Nevertheless, "state court findings of fact made in the course of deciding an ineffectiveness claim are subject to the deference requirement of [section] 2254(d)" and are subject to the clearly erroneous standard of review. Id.
 
 
 7
 Here, the state court considered Renner's testimony that he had informed counsel of his request for a lawyer, and that his counsel subsequently failed to investigate or question him about the circumstances of his post-arrest statements. The state court also considered counsel's affidavit which stated that she followed all customary procedures in interviewing Renner, including asking him about any questioning done by the police. Counsel stated that although she had no recollection of their discussions, she believed that Renner never informed her of his request for an attorney because had he done so, she would have immediately filed a motion to suppress and would have contacted the witnesses.
 
 
 8
 After considering the accounts given by Renner and his attorney, the state court made a factual finding that Renner failed to give trial counsel relevant information that would have enabled her to file a motion to suppress. Given the evidence in the record, the state court's factual finding on this issue is not clearly erroneous and is entitled to deference. See id.; see also Anderson v. Bessemer City, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). Accordingly, because we accept the state court's factual finding that Renner failed to inform his counsel of relevant information pertaining to his confession, we conclude that his counsel was not ineffective for failing to further investigate an incident of which she had no knowledge.
 
 III
 Collateral Consequences
 
 9
 Renner contends that his counsel was ineffective because she failed to notify him that he could be subject to federal prosecution if he pleaded guilty to the firearms charge. This contention also lacks merit.
 
 
 10
 Although failure of counsel to warn of the direct consequences of a guilty plea may amount to ineffective assistance of counsel, failure to warn of collateral consequences does not. Torrey v. Estelle, 842 F.2d 234, 237 (9th Cir.1988). "The distinction between a direct and collateral consequence of a plea turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." Id. at 236 (internal quotations omitted). "In many cases, the determination that a particular consequence is 'collateral' has rested on the fact that it was in the hands of another government agency...." Id. Here, we conclude that Renner's subsequent prosecution by the federal government was a collateral consequence of his state court guilty plea; the state court judgment neither directly nor automatically resulted in the federal prosecution. See id. Accordingly, counsel's failure to inform Renner that he could be federally prosecuted as a result of pleading guilty did not amount to ineffective assistance of counsel. See Strickland, 466 U.S. at 689.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3