120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry THOMAS, Petitioner-Appellant,
v.
Roger W. CRIST; Grant Woods, Respondents-Appellees.
 No. 96-15502.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997.**
Decided July 24, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jerry Thomas, an Arizona state prisoner, appeals pro se the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1975 conviction for second degree murder. Thomas challenges: (1) the voluntariness of his plea; (2) his counsel's effectiveness; and (3) the calculation of his sentence. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.
 
 
 3
 * In February, 1975, Jerry Thomas pled guilty to second degree murder in Arizona and was sentenced to 30 to 50 years in prison. Thomas initiated an appeal but failed to perfect it. In 1991, Thomas sought post-conviction relief in the Arizona trial, appellate and supreme courts; each petition was denied. In 1994, Thomas filed a petition for habeas corpus in federal district court. The petition was denied. Thomas appeals.[1]
 
 II
 
 4
 We review federal habeas claims only to determine whether the petitioner's conviction violated constitutional norms. Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir.1991). We review de novo the denial of a petition for habeas corpus. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S. Ct. 1549 (1996). We review the federal district court's findings of fact only for clear error; state court findings of fact, however, are entitled to deference under 28 U.S.C. § 2254(d). McKenna v. McDaniel, 65 F.3d 1483, 1490 (9th Cir.1995), cert. denied, 116 S.Ct. 1451 (1996).
 
 III
 
 5
 Thomas argues that he did not understand the parameters of his sentence and that consequently his plea was involuntary and unconstitutional under the Due Process Clause. We disagree.
 
 
 6
 To comport with due process a defendant's guilty plea must be voluntary, knowing and intelligent; a plea can only be voluntary if the defendant entered the plea aware of the circumstances and consequences of his plea. Brady v. United States, 397 U.S. 742, 748 (1970). Prior to accepting a guilty plea, a court is required to inform the defendant of the "range of allowable punishment" that will result from his plea. Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir.1988).
 
 
 7
 Thomas' claim centers around comments made by Judge Roylston, the sentencing judge, at his change of plea hearing. Judge Roylston advised Thomas that he would likely impose a prison sentence somewhere between 10 and 20 years.[2] Thomas was ultimately sentenced to 30 to 50 years in prison. Under Arizona law, Thomas will not be released until he has served at least 25 years in jail, a term, Thomas argues, that far exceeds the sentence Judge Roylston originally "promised" him.
 
 
 8
 On its face, Thomas' claim is troubling because it appears as though Judge Roylston misrepresented the sentence he intended to impose. Closer examination, however, establishes that Judge Roylston's comments were not inconsistent with the sentence he imposed and that all parties fully understood the terms of Thomas' sentence.
 
 
 9
 When parties dispute the terms of a plea agreement, the court must determine what the parties reasonably believed the terms to be at the time of the plea. See United States v. Anderson, 970 F.2d 602, 607 (9th Cir.1992), amended, 990 F.2d 1163 (1993). The district court held an evidentiary hearing and found that: (1)Judge Roylston inflated Thomas' sentence in actual years but designed the sentence so that Thomas would serve no more than 20 years given the availability of sentence reduction credits, and (2) all parties understood that Thomas would not serve the entire sentence imposed. Indeed, the parties agree that Thomas was eligible for parole after ten years, and early discharge under A.R.S. § 411(A) before twenty years.
 
 
 10
 The remaining evidence also undermines Thomas' claim of confusion. For example, Thomas's trial counsel, Robert Norgren, testified that under the terms of Judge Roylston's sentence Thomas would not serve the entire sentence. Norgren stated that had he felt that Judge Roylston failed to honor his prior sentencing decision he would have objected to the sentence imposed. Further, the record establishes both that Judge Roylston never explicitly "promised" Thomas a specific sentence and that the plea agreement did not specifically state what sentence would be imposed. Further, Judge Roylston informed Thomas of the statutory maximum and minimum sentences allowable for second degree murder. Thomas provides no credible evidence to support his alleged confusion about his sentence. We reject his claim.
 
 IV
 
 11
 Thomas next claims he was denied his constitutional right to effective counsel because his attorney failed to: (1) secure the sentence originally "promised" by the court; (2) withdraw Thomas' plea after the court imposed a harsher sentence; and (3) secure appellate counsel upon withdrawal. All three claims lack merit.
 
 
 12
 To establish a claim for ineffective assistance of counsel, a party must demonstrate: (1) deficient performance; and (2) prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 690-92 (1984). Thomas' first and second arguments regarding his sentence are meritless because, as discussed in Section III, supra, the record reflects both that Thomas and his counsel understood the terms of the sentence imposed and that Thomas' plea was thus voluntary and constitutionally valid. Consequently, Thomas cannot establish that his counsel's performance was deficient. As to the alleged failure to secure appellate counsel, if true and this constituted "deficient performance," Thomas nonetheless fails to establish the requisite prejudice to prevail.
 
 V
 
 13
 Thomas argues that the state violated his due process rights by failing to properly apply his good time credits. Inmates are entitled to due process with regard to their state-created liberty interests in good time credits. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Thomas' due process rights have not been violated. We need not delve into the particulars of the Arizona statutes governing sentence reduction credits and inmate release to resolve Thomas' constitutional challenge as he has not alleged that he was denied the opportunity to apply for early release under A.R.S. § 411(A). Thomas must make such a claim first to prevail.
 
 VI
 
 14
 Thomas also argues, without explanation, that his conviction was obtained in violation of his privilege against self-incrimination. The district court denied relief on the grounds that Thomas' claim was "undecipherable." We agree and deny relief as well.
 
 
 15
 Last, we reject Thomas' claim that he was denied his right to appeal as he fails to support properly this claim.
 
 
 16
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because this appeal was filed before April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 is not applicable to this case. See Lindh v. Murphy, 1997 WL 338568
 
 
 [2]
 Judge Roylston, speaking to Thomas, said:
 And your Attorney has told you that in recent days he's discussed the case with me and that he asked me what I thought would be an appropriate sentence if you pleaded guilty to second degree murder. And I told him that I thought between 10 and 20 years in the Arizona State Prison would be an appropriate sentence.
 * * *
 And you understand that I have told your attorney that if anything developed between now and the time of sentencing where I thought that a longer sentence than 10 to 15 or 20 years would be appropriate, that I'd allow you to take back your plea and go to trial before a jury?