**Jessica Maritza PEREZ, aka Jessica M. Perez Zelaya, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 01–16302.

D.C. No. CV–01–05003–AWI
CR–99–05194–AWI.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 16, 2002.

Before HUG, O'SCANNLAIN and TASHIMA, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Appellant's request for oral argument is denied.

MEMORANDUM **

Jessica Maritza Perez appeals the district court's denial of her 28 U.S.C. § 2255 motion challenging her guilty-plea conviction to making a place available to manufacture methamphetamine, in violation of 21 U.S.C. § 856(a)(2). We have jurisdiction under 28 U.S.C. § 2253. Reviewing de novo, *United States v. Christakis,* 238 F.3d 1164, 1168 (9th Cir.2001), we affirm.

Perez contends that she received ineffective assistance of counsel because her attorney failed to advise her of the deportation consequences of her plea. Because deportation consequences are a collateral consequence of pleading guilty, *United States v. Amador–Leal,* 276 F.3d 511, 517 (9th Cir.) *cert. denied,* —— U.S. ——, 122 S.Ct. 1946, 152 L.Ed.2d 849 (2002), and counsel's failure to advise on a collateral penalty does not fall below an objective standard of reasonableness, *see Torrey v. Estelle,* 842 F.2d 234, 237 (9th Cir.1988) (applying *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to habeas proceeding involving collateral consequences of plea), we conclude that the district court properly denied her motion.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.