**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Janette WANG, aka, AI Shuang Sung,
Defendant—Appellant.**

No. 02–56768.

D.C. No. CV–00–09519–TJH,
CR–98–00455–RAP–02.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 1, 2003.

Decided Dec. 29, 2003.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior
United States District Judge for the Northern
District of California, sitting by designation.

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

Ronald L. Cheng, Esq., Jacqueline H. Nguyen, Esq., USLA–Office of the U.S. Attorney, Gregory A. Lesser, Esq., Assistant United States Attorney, Los Angeles, CA, Plaintiff–Appellee.

Vincent Chan, Law Office of Vincent Chan, Pasadena, CA, Defendant–Appellant.

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Before PREGERSON, COWEN,* and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Janette Wang appeals the district court's denial of her petition for habeas corpus under 28 U.S.C. § 2255. Wang claims that she was denied her Sixth Amendment right to effective assistance of counsel because her attorney misadvised her of the immigration consequences of her guilty plea. We reverse and remand to the district court with instructions to grant the writ of habeas corpus.

To establish ineffective assistance of counsel, a petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced her. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Gross mischaracterizations of the likely outcome of the plea, combined with erroneous advice on the possible effects of going to trial, falls below the level of competence required for a defense attorney." *Torrey v. Estelle*, 842 F.2d 234, 237 (9th Cir.1988). *See also United States v. Couto*, 311 F.3d 179, 187–88 (2d Cir.2002) (Where defendant has been affirmatively misled by counsel about the immigration consequences of her criminal proceedings, counsel's performance may qualify as deficient under *Strickland.*). To show prejudice in the context of a plea agreement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Wang is a legal permanent resident. Her husband and children are all United States citizens residing in this country. In August of 1998, Wang pleaded guilty to submitting false invoices and other documents to the United States Customs Service in violation of 18 U.S.C. § 542. She was sentenced to four months in a home detention program, to be followed by three years of supervised release. Because Wang's plea amounted to fraud in excess of $10,000, her crime constituted an aggravated felony as a matter of law. 8 U.S.C. § 1101(a)(43)(M)(i). The consequences of conviction for an aggravated felony by a legal permanent resident are automatic removal and mandatory detention before and after removal proceedings, 8 U.S.C. §§ 1226(c)(1), 1227(a)(2)(iii), and 1231(a)(2). Since pleading guilty, Wang has remained in administrative detention awaiting a final order of removal to Taiwan.

Wang's attorney did not inform her of these immediate, virtually certain consequences of her plea. Instead, he explained to her that her plea could "adversely affect her ability to obtain U.S. citizenship and that she could even be deported." Wang's attorney further incorrectly advised her that there were no certainties regarding the consequences of her plea, asserting that "it was difficult to anticipate exactly what the INS would do and that there were no guarantees regarding her immigration status." In fact, it was virtually certain that the Government would immediately detain Wang and eventually remove her. Wang's attorney thus misled Wang as to the consequences of her plea, and his performance was therefore deficient under *Strickland.*

Had Wang not been misled by her attorney there is a reasonable possibility that she would have gone to trial so as to avoid the sure consequences of removal and detention and the separation from her family

resulting from the plea. Alternatively, there is a reasonable possibility that Wang would have agreed to plead to a lesser charge that did not qualify as an aggravated felony. Wang's attorney's deficient performance therefore prejudiced her under *Strickland* and *Lockhart.*

Wang was denied her Sixth Amendment right to effective assistance of counsel when she pleaded guilty. Since Wang's present incarceration is premised on the validity of her conviction pursuant to her guilty plea, we reverse and remand to the district court with instructions to grant the writ of habeas corpus.

REVERSED and REMANDED.