Jeffrey SEVIER, Petitioner—Appellant,

v.

A. CALDERON; et al., Respondents—Appellees.

No. 02–56450.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 15, 2004.

Jeffrey Sevier, San Quentin, CA, pro se.

Robert M. Foster, Esq., Attorney General for the State of California, AGCA—Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before: O'SCANNLAIN, RYMER and BEA, Circuit Judges.

## MEMORANDUM **

Jeffrey Sevier appeals the district court's denial of his 28 U.S.C. § 2254 habe-

---

as petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Sevier contends that the trial court misled him to believe that the maximum sentence he could receive was 25 years to life and hence, his sentence of 43 years to life violated his due process rights. Because the sentencing court advised Sevier that the maximum possible period of confinement was life and that by admitting to prior prison terms and prior serious felonies he exposed himself to certain sentencing enhancements, Sevier's sentence did not violate his due process rights. *See* 28 U.S.C. § 2254(d)(1); *Torrey v. Estelle*, 842 F.2d 234, 235 (9th Cir.1988) (stating that a plea of guilty is voluntary if a defendant is advised of the direct consequences of his plea).

Sevier next contends that his trial counsel was ineffective by failing to advise him of the consequences of his plea and failing to object when the court sentenced him to 43 years to life imprisonment. Sevier's claims do not merit habeas relief because he fails to demonstrate that counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 688–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Sevier also contends that the district court incorrectly deferred to state court findings of fact. Sevier is mistaken. A district court presumes that a factual determination by a state court is correct. *See* 28 U.S.C. § 2254(e).[1]

---

1. This court does not address Sevier's Eighth Amendment claim because he conceded it in his opening brief. *See Lockyer v. Andrade,*

Sevier's motion to file a supplemental brief is denied as moot.

AFFIRMED.

538 U.S. 63, 73–77, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

