IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 19, 2006 Session

## JONATHON CHRISTOPHER HOOD v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Franklin County
No. 15655    Buddy D. Perry, Judge**

―――――――――

**No. M2005-01310-CCA-R3-PC - Filed June 9, 2006**

―――――――――

This is an appeal from the denial of post-conviction relief.  The Petitioner, Jonathon Christopher Hood, entered a best-interest guilty plea to felony reckless endangerment and, pursuant to a plea agreement, was sentenced to one year imprisonment with a release eligibility date of 30%.  The Petitioner filed for and was denied post-conviction relief.  The Petitioner now appeals the denial of post-conviction relief, claiming his trial counsel provided ineffective assistance of counsel which resulted in an involuntary guilty plea.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Robert Huskey, Manchester, Tennessee, for the appellant, Jonathon Christopher Hood.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; J. Michael Taylor, District Attorney General; and Steve M. Blount, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The facts underlying the conviction at issue in this case were stipulated at the Petitioner's plea acceptance hearing as follows:

> The proof would be that on the date alleged in that criminal information officers were dispatched to a location at Cumberland View Apartments.  They would testify that [the Petitioner] was there that there were other people there that gave various statements.  The long and the short of it is they would testify, Your Honor,

that Mr. Hood assaulted these people and in the course of that pulled a weapon and made threats, which would constitute reckless endangerment with a deadly weapon.

The record further reveals that the Defendant committed this offense on October 8, 2003, in Franklin County.

In January of 2004, the Petitioner waived his right to a grand jury and elected to proceed based on the criminal information. The Petitioner accepted a plea agreement whereby he would enter a best-interest guilty plea to one count of Class E felony reckless endangerment in exchange for a sentence of one year as a Range I offender with a 30% release eligibility date.[1] At the Petitioner's plea acceptance hearing, the Petitioner admitted he read, understood and signed his plea notice and waiver of rights form. The trial court conducted a thorough plea colloquy, during which the Petitioner acknowledged he understood the rights he was waiving and was entering his best-interest guilty plea voluntarily. The Petitioner further indicated that he understood that his plea agreement would result in a one-year sentence, which would be served consecutive to a two-year sentence he was already serving at that time. The Petitioner, through counsel, stated for the record that he was entering a best-interest plea because of his prior conviction and the "number" of charges he would face if he went to trial. At the conclusion of the hearing, the trial court found the Petitioner knowingly waived his rights and voluntarily entered a best-interest guilty plea. Accordingly, the trial court accepted the Petitioner's plea, entered a conviction for reckless endangerment, and sentenced the Petitioner pursuant to the plea agreement.

At some point subsequent to sentencing, the Petitioner learned that by pleading guilty and accepting the one-year sentence, he was disqualified from determinate release on his prior two-year sentence. See Tenn. Code Ann. § 40-35-501(a)(3). In August of 2004, the Petitioner filed a pro se petition for post-conviction relief alleging ineffective assistance of counsel and an involuntary plea. The trial court found the Petitioner presented a colorable claim, appointed counsel, and allowed the Petitioner thirty days to submit an amended post-conviction petition. The Defendant ultimately retained counsel, and a post-conviction evidentiary hearing was conducted in March of 2005.

At the hearing, Ms. Gail McKnight, an employee with the Tennessee Department of Probation and Parole, testified that prior to the conviction and sentence at issue in this case, the Defendant's existing two-year sentence with determinate release would have required only 30% service, or seven months and twenty-four days. However, because of his January 2004 guilty plea and conviction, he was not eligible for automatic determinate release and would be required to go before the parole board. Ms. McKnight stated that as of the date of the hearing, the Petitioner was

---

[1] The record also reveals that other unspecified charges were not pursued in exchange for the Petitioner's acceptance of the plea agreement.

scheduled for parole in April of 2006, although this date "moves" somewhat due to credits.[2] Ms. McKnight further testified that the Petitioner had two minor disciplinary infractions on his record, but opined that neither was severe enough to have precluded him from determinate release had he not received another conviction.

The Petitioner testified that he was not guilty of reckless endangerment and entered his best-interest plea to this charge only because his trial counsel informed him that he would only get "an additional three months" as a result of the plea agreement. The Petitioner further explained that his counsel informed him that it was "chancy" to go to trial considering his prior conviction. Because he was under the impression that the plea agreement would add only three or four months to his current sentence, for a total of no more than ten or eleven months, he agreed to enter a best-interest plea. The Petitioner further testified that his attorney never discussed with him the effect his new sentence would have on the scheduled determinate release from his prior sentence. The Petitioner stated that he certainly would have not entered a plea of guilty if he had known it would require he serve approximately two years instead of the ten or eleven months he was led to believe.

The Petitioner's trial counsel ("Counsel") testified that he had been practicing law since 1970, graduated first in his class at the University of Tennessee College of Law, was Order of the Coif, and editor of the Law Review. As to the Petitioner's case, Counsel stated that he did not promise a specific release date, but rather informed the Petitioner of the State's "take-it-or-leave-it" offer of one year with a release eligibility date of 30%. Counsel clarified that he never told the Petitioner that release would be "automatic," rather he informed him, as he does all his clients, that he would become "eligible" for release on the release eligibility date, but actual "release would be determined by the parole board."

On cross-examination, Counsel testified that the Petitioner had informed him early in the proceedings that he was not guilty and had initially mentioned he knew of witnesses who could support his defense theory. However, the Petitioner elected to accept the State's offer rather than face "everything" that he was charged with. Counsel also noted that the Petitioner had recently elected to take a case to trial on similar charges and lost. However, Counsel admitted he did not advise the Petitioner of the effect the plea agreement would have on his determinate sentence from a prior conviction nor did he think the Petitioner would end up serving a total of twenty months or more.

At the conclusion of the hearing, the trial court agreed with the Petitioner that his sentence seemed "excessive" and that it "didn't seem fair on its face." Nevertheless, the court recognized the issue at hand was simply "whether it's a knowingly entered plea if you don't discuss with your attorney whether or not the parole board decides to release you or not release you." The court concluded that

---

[2]The Petitioner began serving his original two-year sentence in October of 2003. Therefore, because of his January 2004 conviction and one-year sentence, which disqualified him from determinate release, as of the date of the post-conviction hearing he was scheduled to serve a total of approximately two years and six months.

in effect [ruling for the Petitioner] is me saying to defendants that you have a right to assume that when you enter a plea that a one year sentence, a two year sentence, or a three year sentence doesn't really mean that it means something less and you a have a right to assume that it's something less. I'm not going to make that finding.[3]

Accordingly, the trial court denied the Petitioner's petition for post-conviction relief. This appeal followed.

## ANALYSIS

On appeal, the Petitioner asserts that the trial court erred in denying his claim for post-conviction relief because he received ineffective assistance of counsel, which also rendered his guilty plea involuntary. To support this claim, the Petitioner argues that his counsel provided deficient representation by misinforming him that his plea agreement would add three or four months to his sentence when the actual result was disqualification from determinate release and the service of substantial additional time incarcerated. Furthermore, the Petitioner asserts that but for the deficiency in his counsel's representation, he would have followed through with his trial, and therefore his guilty plea was not knowingly and voluntarily entered. The State argues that the appeal should be dismissed because the Petitioner's notice of appeal was untimely, and in the alternative, the trial court did not err in denying post-conviction relief because the Petitioner received effective representation and entered his plea voluntarily.

### I. Dismissal of Appeal

The State argues that this Court should dismiss this appeal because the Petitioner's notice of appeal was untimely and the Petitioner "has not demonstrated that the timeliness requirement should be waived in the interest of justice." A notice of appeal is required to be filed with the clerk of the trial court within thirty days after the date of entry of the judgment or order from which relief is sought. See Tenn. R. App. P. 4(a). A timely filing of a motion to withdraw a guilty plea or a motion for new trial tolls this period until entry of the order denying or granting the motions. See Tenn. R. App. P. 4(c). However, in the present case, the Petitioner's motions to withdraw his plea and for a new trial were filed more than thirty days after entry of the order denying post-conviction relief and therefore did not toll the thirty-day period for filing a notice of appeal.[4] See State v. Davis, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987). Additionally, this Court has previously held that a motion to rehear a post-conviction petition does not toll the thirty-day time period in which to file

---

[3]The trial court also noted that the Petitioner's desired result would create the "additional requirement" that attorneys must "have a discussion with each of the defendants in regard to the actions of the parole board." The trial court opined: "That may be a good thing, and maybe ought to be done as a part of the plea process, but I don't think it's incumbent upon me to set that policy, maybe the Court of Appeals could set that standard if they choose to do it."

[4]The Petitioner's "Motion to Withdraw Plea and Motion for New Trial" may be interpreted as an awkwardly worded petition to rehear his post-conviction petition. In this motion, the Petitioner simply raised the same arguments he presented at the post-conviction hearing and then challenged the trial court's denial of post-conviction relief.

a notice of appeal. See Thomas Edward Reddick v. State, No. E2003-00578-CCA-R3-PC, 2004 WL 572347, at *2 (Tenn. Crim. App., Knoxville, Mar. 23, 2004).

In this case, the Petitioner filed his notice of appeal on June 1, 2005, beyond the thirty-day period from the entry of the order denying post-conviction relief on March 24, 2005. Rule 4(a) of the Tennessee Rules of Appellate Procedure provides that the notice of appeal document is not jurisdictional and that timely filing may therefore be waived in the interest of justice. We have determined to exercise our discretion and waive the timely filing of the notice of appeal in order to consider the Petitioner's issue in the interest of justice.

## II. Ineffective Assistance of Counsel

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578.

Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer and actual prejudice to the defense caused by the deficient performance. See id. at 687; Burns, 6 S.W.3d at 461. The defendant bears the burden of establishing both of these components by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. See Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of a guilty plea. See Hill v. Lockhart, 474 U.S. 52, 58 (1985). The prejudice component is modified such that the defendant "must show that there is a reasonable probability that, but for

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." See Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462. The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made, see Strickland, 466 U.S. at 690; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. See id. "However, a trial court's conclusions of law-- such as whether counsel's performance was deficient or whether that deficiency was prejudicial--are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions." Id.

Additionally, our supreme court, in setting forth the standard for identifying a constitutionally valid guilty plea, has noted that "before a trial judge can accept a guilty plea, there must be an affirmative showing that it was given intelligently and voluntarily." State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999) (citing to Boykin v. Alabama, 395 U.S. 238, 242 (1969)). Our high court further noted that "a plea is not 'voluntary' if it is the product of '[i]gnorence, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats,'" Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting Boykin, 395 U.S. at 242-43), or if the defendant is "incompetent or otherwise not in control of his mental facilities" when the plea was entered. Id.

In this case, the trial court found that there was no factual dispute: neither the Petitioner nor his trial counsel anticipated that the actual consequences of accepting the one-year sentence would have the effect of significantly extending his period of incarceration for a prior conviction. Nonetheless, despite noting the Petitioner's aggregate sentence may appear to be "excessive," the trial court concluded that Counsel's failure to anticipate the decisions of the parole board and accurately predict early release dates did not amount to deficient representation. After considering the arguments presented to us on appeal, we conclude that the Petitioner has failed to demonstrate that he received ineffective assistance of counsel.

Contrary to the Petitioner's assertions, we conclude Counsel did not provide deficient representation. When a petitioner's claim is one of inadequate advice, as it is in this case, courts generally distinguish between failure to inform of direct and indirect consequences of a guilty plea.

See Bautista v. State, 160 S.W.3d 917, 921 (Tenn. Crim. App. 2004). As a general rule, an attorney's failure to inform a criminal defendant of the "direct consequences of a guilty plea may constitute ineffective assistance of counsel," while "failure to inform of indirect consequences of a guilty plea normally does not." Id.; see also Adkins v. State, 911 S.W.2d 334, 350 (Tenn. Crim. App. 1994). This distinction often "turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." Adkins, 911 S.W.2d at 350 (quoting Torrey v. Estelle, 842 F.2d 234, 236 (9th Cir. 1988)). Furthermore, this Court has held that

> [a]ny failure of counsel to advise as to any collateral consequences of a plea does not, under these authorities, fall below the range of competence demanded of attorneys in criminal cases. Misadvice on the issue might have warranted relief; and, while a fine distinction, silence by counsel does not. In short, a sin of commission might merit relief while the sin of omission does not.

Bautista, 160 S.W.3d at 921 (quoting Adkins, 911 S.W.2d at 350).

As to the conviction and sentence in this case, contrary to the testimony of the Petitioner, Counsel testified that he did not promise a specific release date. Rather, Counsel stated that he advised the Petitioner that he would become "eligible" for release after serving a certain percentage of his sentence, but actual release would be determined by the parole board. As noted above, all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156.

We decline to hold that the failure of Counsel to inform the Petitioner of the negative effect his plea agreement would have on a determinate sentence from a prior conviction constitutes deficient representation. Initially, we note that the "failure" to advise on the collateral consequences of his plea was at most an omission, and not misinformation. See Bautista, 160 S.W.3d at 921. Even more significantly, we conclude Counsel's failure to advise on the collateral effect the plea agreement would have on a prior sentence, as well as his failure to anticipate the actions of the parole board, had "no definite, immediate, and largely automatic effect" on the Petitioner's punishment. Id. The collateral consequences the Petitioner faced were not automatic or definite; the Petitioner was simply required to appear before the parole board for early release from his prior sentence rather than receiving determinate release. We conclude that the Petitioner's counsel, while not advising him of the indirect, collateral effects of his plea on a prior sentence, did not misinform the Petitioner, and therefore was not deficient in his representation.

In sum, the Petitioner has failed to demonstrate that his trial counsel's representation fell outside the wide range of reasonable professional assistance to which he was entitled. Having found no merit in the claim of ineffective assistance of counsel, we also conclude that the trial court did not err in finding the Petitioner's guilty plea was knowingly and voluntarily entered. This issue is without merit.

**CONCLUSION**

Finding no error, the judgment of the trial court denying the Petitioner's petition for post-conviction relief is affirmed.

_____
DAVID H. WELLES, JUDGE