**Paul Norman MUNDAY, Petitioner–Appellant,**

v.

**Robert LAMPERT, Superintendent; State of Oregon, Respondents–Appellees.**

**No. 05–36095.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2006.*

Filed Dec. 22, 2006.

Fed. R.App. P. 34(a)(2).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Robert A. Weppner, Law Offices, Portland, OR, for Petitioner–Appellant.

Lester R. Huntsinger, Office of the Oregon Attorney General, Salem, OR, for Respondents–Appellees.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Paul Norman Munday appeals from the district court's denial of his petition for habeas corpus. We affirm.

We review the denial of a habeas petition *de novo*. *Lara v. Ryan,* 455 F.3d 1080, 1084 (9th Cir.2006). In reviewing the merits of the petition, we apply the deferential standards of review set forth in the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, a habeas petition cannot be granted unless the state court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). A federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1).

Munday argues that he received ineffective assistance of counsel in violation of his Sixth Amendment rights because his trial attorney failed to advise him of the lifelong duration of the sex offender registration requirement. The state court found that trial counsel *had* advised Munday of the duration of the requirement, and Munday fails to rebut this finding by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Miller–El v. Cockrell,* 537 U.S. 322, 340, 123 S.Ct. 1029, 154

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

L.Ed.2d 931 (2003) (noting that under AEDPA, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary").

Munday also argues that his trial counsel rendered ineffective assistance by failing to inform him that he could be designated a "predatory sex offender" under Oregon's notification laws. *See* Or. Rev.Stat. § 181.585 (2006). Counsel's failure to advise a defendant of the collateral consequences of his plea "is not objectively unreasonable and therefore does not amount to ineffective assistance." *United States v. Fry,* 322 F.3d 1198, 1200 (9th Cir.2003) (citing *Torrey v. Estelle,* 842 F.2d 234, 237 (9th Cir.1988)). The possibility that Munday could be designated a "predatory sex offender" was a collateral consequence of his plea. The discretion to make the designation was with the Oregon Board of Parole and Post–Prison Supervision, a body whose authority was "separate and distinct from that of the sentencing judge." *See V.L.Y. v. Board of Parole & Post–Prison Supervision,* 338 Or. 44, 106 P.3d 145, 145 (2005); *Torrey,* 842 F.2d at 236 ("In many cases, the determination that a particular consequence is 'collateral' has rested on the fact that it was in the hands of another government agency or in the hands of the defendant himself."). Additionally, such designation was not a "largely automatic effect on the range of [Munday's] punishment," *see Torrey,* 842 F.2d at 236, but was contingent upon a number of factors, including Munday's prior convictions and future behavior. *See V.L.Y.,* 106 P.3d at 148; *Fry,* 322 F.3d at 1200 n. 1 ("The distinction between a direct and collateral consequence of a plea turns on whether the result represents a definite, immediate and largely automatic

effect on the range of the defendant's punishment.").

We decline to consider the uncertified issue that Munday raises in his Opening Brief or to expand the Certificate of Appealability. *See* 9th Cir. R. 22–1(e).

**AFFIRMED.**