**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VAUGHN S ARCHER, | No. 16-56464 |
| Petitioner-Appellant, | D.C. No. 2:16-cv-00445-JLS-AS |
| v. | |
| DANIEL PARAMO, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted November 15, 2018
Pasadena, California

Before: GOULD, PARKER,[**] and MURGUIA, Circuit Judges.

Petitioner-appellant Vaughn Archer pleaded no contest to seven charges in California state court and was sentenced to 27 years and 4 months of imprisonment. In this habeas petition, Archer argues that he entered the plea involuntarily and unintelligently because the state trial court and Archer's counsel

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

failed to advise Archer that he might be eligible for a reduced sentence under § 654 of the California Penal Code if Archer had proceeded to trial.

We review the district court's denial of Archer's petition de novo. *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014). We review the state court's adjudication of Archer's claims under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's denial of Archer's petition.

1.     In his first claim, Archer argues that his plea was unintelligent and therefore invalid under *Boykin v. Alabama*, 395 U.S. 238 (1969), because the state trial court failed to advise him of the potential applicability of California Penal Code § 654 to his maximum sentence if convicted at trial. But a plea is still valid under *Boykin* even "if the defendant did not correctly assess every relevant factor entering into his decision[,]" and "[a] defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended . . . the likely penalties attached to alternative courses of action." *Brady v. United States*, 397 U.S. 742, 757 (1970). In Archer's case, the possible application of § 654 was not the type of direct consequence that the trial court was required to discuss with Archer. *See Torrey v. Estelle*, 842 F.2d 234, 236 (9th Cir. 1988) ("The distinction between a direct and collateral consequence of a plea turns

on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment.") (internal quotation marks omitted).

Moreover, it would be impracticable to require the state trial court to advise Archer regarding § 654. The applicability of § 654 is highly fact dependent, and the court's determination of whether the section applies is made at sentencing after the benefit of a trial, which usually brings the relevant facts to light. *See People v. Cleveland*, 87 Cal. App. 4th 263, 267 (Ct. App. 2001); *People v. Ross*, 201 Cal. App. 3d 1232, 1240–41 (Ct. App. 1988). Whether and to what extent § 654 would have applied if Archer had been convicted at trial was entirely speculative at the plea phase (and still is now, because there has never been a trial or evidentiary hearing). The state trial court was not required, under any "clearly established Federal law," to engage in this speculative analysis before accepting Archer's plea. *See* 28 U.S.C. § 2254(d)(1). Accordingly, the California Court of Appeal reasonably rejected this claim.

2. We also affirm the district court's denial of Archer's claim of ineffective assistance of counsel based on his allegation that his counsel at the plea stage failed to advise him of § 654 and its potential application to his charges. Even if we assume that Archer's counsel was deficient, Archer has not demonstrated prejudice. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (holding that to prevail on a claim of ineffective assistance of counsel, a

defendant must show that "counsel's representation fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that in the context of a plea, to demonstrate prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"). Given that Archer was facing a possible indeterminate life sentence if he proceeded to trial, the California Court of Appeal was not "objectively unreasonable" in concluding that Archer failed to present evidence demonstrating a reasonable probability that he would have rejected the plea deal if he had known about § 654's possible application to his charges. *See White v. Woodall*, 572 U.S. 415, 419 (2014) (An unreasonable application must be "objectively unreasonable, not merely wrong; even clear error will not suffice.") (internal quotation marks omitted).

**AFFIRMED**.